ELDRED RAWLINS, use, &c., v. POINDEXTER AND KEESE, Administrators.

It is not necessary that a claim against an estate should be first probated, recorded, and certified by the probate judge, as examined and allowed, before suit can be maintained on the claim against the executor or administrator of the deceased.

It has been settled by the court, under the act of 1822, (Hutch. Code, 664, § 90,) that no such probate is necessary before the institution of a suit. 3 How. 216; Ib. 303; 4 Ib. 242.

The act of 1846, (Hutch. Code, 681, § 5,) makes no alteration in the law in this respect.

IN error from the circuit court of Noxubee county; Hon. F. M. Rogers, Judge.

The opinion contains the facts of the case upon which it was decided.

*R. Evans* for appellant.

The point to be settled is simply this: Must a claim, such as the one sued on, be necessarily probated before any suit can be brought on it?

The court below ruled out the bill of exchange, the record from Alabama, and all the proof of presentation and notice to

the executrix, on the sole ground that the bill of exchange, and the record, had not been probated.

*Smith* v. *Smith*, administrator, 3 How. 216, is decisive of the question; and also *Campbell* v. *Young* et al., Ib. 301; and *Judge of Probate* v. *Hairston*, 4 How. 242.

The act of March 5, 1846, Hutch. Co. 181, § 5, falls under the construction, and is within the above decision.

A statute which would take away the right of suing on the claim in question in the circuit court, and would compel the party to confine his remedy to the probate or other court, would be unconstitutional, as depriving the circuit court of jurisdiction, which it has by § 14 of art. 4 of the constitution.

Judgment of the circuit court is the best and highest authentication.   It is that which is established by the constitution and the laws.   The legislature never intended to interfere with this mode of authentication, but its sole object was to justify the administrator in paying debts, with an authentication of less dignity, in cases where the parties did not choose to resort to that of the higher dignity.

It would certainly be a strange slur upon the circuit court, the court of the constitution, to say that its judgment, founded upon open contest before judge and jury, and upon unobjectionable evidence, is not a sufficient authentication, and that the *ex parte* affidavit of the creditor and his witness, and the indorsement of the probate judge, of these *ex parte* affidavits, made out a better authentication.

The statute is guilty of no such absurdity.

*H. L. French*, on the same side, cited 1 How. 115.

*A. W. Dabney* for defendants in error.

This is the second time this case has been brought before this court.   14 S. & M. R. 66.   The only point now presented for the decision of this court, is, "that before suit can be brought and maintained on any claim against an executor or administrator, the same shall first be probated by the court; shall be recorded, and shall be certified by the judge of probates, under his hand, as examined and allowed."   This point was not decided in the other case.

Rawlins *v.* Poindexter and Keese.

The provision of our statute upon this subject is as follows : " To authorize the collection of any claim, and the payment thereof, by the executor or administrator, the same shall first be probated by the court in which the estate is administered ; shall be recorded therein, and shall be certified by the judge thereof, under his hand, as examined and allowed." Hutch. Code, 681, § 5.

Another statute passed in 1848, authorizing the probate to be made in any probate court of the State. Hutch. Code, 684, § 8.

It is insisted that the words, " to authorize the collection of any claim," in the abovē statute, changed the former law on this subject, as the same had been decided by this court. That the legislature, in using the word " collection," intended to embrace suits brought against executors and administrators, as well as all other modes of collection from them. A suit is a remedy given by law, and is resorted to by a party to collect his debt, if he fails to collect it otherwise. It is a mode of collection that the party may adopt. Before he is there authorized to resort to this remedy, and call for payment by the executor or administrator, what does the statute require ? It is this, that the claim shall be first probated by the court in which the estate is administered ; shall be recorded therein, and shall be certified by the judge thereof, under his hand, as examined and allowed. To show that this is a correct construction of the statute under consideration, I will refer briefly to the old statute on this subject, and the ruling of this court upon it. The old statute is as follows : " No executor, administrator, or collector, shall discharge any claim against the deceased, (otherwise than at his own risk,) unless the same be first passed by the orphans' court, or unless the claim be proved according to certain rules." Hutch. Code, 664, § 90.

The construction that this court has given to the last mentioned act is, that a suit could be maintained upon a claim against an executor or administrator, without the voucher or proof required by the act. *Smith* v. *Smith, Administrator*, 3 How. Miss. R. 217 ; *Campbell* v. *Young et al., Executors*, Ibid. 303.

*Wharton* on the same side.

Rawlins *v.* Poindexter and Keese.

Mr. Justice HANDY delivered the opinion of the court.

The question presented in this case is, whether before suit can be brought and maintained on a claim against an executor or administrator due from the estate of the deceased, the claim must be first probated and recorded and certified, by the judge of probates, as examined and allowed.

It is settled by this court, that, under the act of 1822, Hutch. Co. 664, § 90, no such probate was necessary before the institution of the suit.   3 How. 216; Ib. 303; 4 Ib. 242.

We think the act of 1846, Hutch. Code, 681, § 5, makes no alteration in the law in this respect. ' That act provides, that " to authorize the collection of any claim, and the payment thereof by the executor or administrator, the same shall first be probated by the court," &c.   This statute clearly has reference to the right of the creditor to demand payment of his claim, and to receive payment from the executor or administrator, otherwise than by legal process.   The probate was intended merely to justify administrators and executors in making private payment of claims; for otherwise, if the probate was to be an establishment of the claim to all intents and purposes, it would dispense with any further proof of the claim, in case it should become necessary to bring suit upon it.   It is not to be supposed that the legislature intended to give greater effect to the *ex parte* allowance of the probate judge, made upon the claimant's affidavit, or the testimony of witnesses, without an opportunity to the adverse party to have the matter properly examined, than should be given to the judgment of a competent court, rendered upon full notice and investigation, and under all the sanctions of such proceedings.   If the allowance of the probate judge was not intended, in case of suit brought, to dispense with the proof necessary to establish the claim according to the rules of law, it is scarcely to be supposed that the legislature intended to require the useless expense of probating the claim before suit brought, — a charge rendered wholly unnecessary by the full proof of the claim required before judgment could be rendered.

The judgment of the court below, being contrary to this view, is reversed, and the case remanded.